UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steve Lester, # 075259, | ) | C/A No. 4:14-482-TMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Perry Corr Inst, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

This is the fourth § 2254 Petition submitted to this court by this prisoner since 1999 in an attempt to challenge convictions and sentences entered by the Greenville County General Sessions Court on March 12, 1975. *See* Civil Action Nos. 4:99-3122-CWH (dismissed as untimely); 4:03-15-RBH (dismissed as successive and unauthorized); 4:03-3639-HFF (dismissed for lack of proper form); 4:06-1035-HFF (dismissed as successive). In the Petition now under review, Petitioner asserts that he is presenting a "freestanding claim" of ineffectiveness of three different Post Conviction Relief ("PCR") legal counsels for their alleged failure to pursue appeals from his various PCR dismissals and because he has been under "mental health" care during his entire period of

incarceration, but his counsels did not raise the issue of his mental competency on his behalf. ECF No. 1, Pet. 5-6. He also asserts that the State of South Carolina did not honor the plea agreement in his case. *Id*. There is nothing in his Petition showing that Petitioner received authorization from the Fourth Circuit Court of Appeals for this fifth § 2254 Petition before filing it in this court.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Of particular importance here are federal statutes codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). An individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. This "gatekeeping" mechanism is created by 28 U.S.C. § 2244(3)(A) and provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

It is settled law that the issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). It is also settled law that a

dismissal of an initial § 2254 petition as untimely, as was the case with Petitioner's initial petition in Civil Action No. 4:99-3122-CWH, constitutes as ruling "on the merits" and makes any petitions challenging the same convictions/sentences filed subsequently successive, requiring authorization before filing in the district court. *See, e.g., Jordan v. Sec., Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005); *Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010)(collecting cases).

Despite Petitioner's assertion that it is a "freestanding claim," regardless of the nature of the current grounds asserted, the Petition filed in this case is, in fact, an unauthorized successive petition. Petitioner was made aware of the need to obtain authorization before filing any more § 2254 petitions by the Reports and Recommendations issued in both Civil Action No. 4:03-15-RBH and Civil Action No. 4:06-1035-HFF, but there is no indication that he made any attempt to obtain the required authorization before filing this case. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the Petition now under review, this court does not have jurisdiction to consider it and it is subject to summary dismissal without service on the Respondent. *See United States v. Winestock,* 340 F.3d 200, 205-06 (4th Cir. 2003)*; Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).

Moreover, as was the initial petition submitted in Civil Action No. 4:99-3122-CWH, this Petition is also untimely. The recent United States Supreme Court opinion: *Martinez v. Ryan*, _ U.S. _, 132 S. Ct. 1309 (2012)(ineffectiveness of post-conviction counsel may relieve procedural default problems in timely petitions), does not relieve the Petition under review from its untimeliness, even though this appears to the be the first attempt by Petitioner to assert ineffectiveness of PCR counsel. Federal courts, including this one, that have considered the issue have held that *Martinez* does not begin the habeas corpus statute of limitations over again or toll its running. *See Brown v. Kerestes,*

No.12–3750, 2013 WL 444672 (E.D. Pa. Feb. 06, 2013); *see also Patterson v. Stevenson*, No. 5:12-1373-JFA-KDW, 2013 WL 4736467, *10 (D.S.C. Sep 03, 2013).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 9, 2014  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).