IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steve Lester, #075259, | ) | |
| | ) | C/A No. 4:14-482-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Perry Corr Inst., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      Petitioner, Steve Lester, a state prisoner proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina, this matter was initially referred to a magistrate judge. Before the court is the magistrate judge's Report and Recommendation ("Report"), finding the petition successive and recommending that the court dismiss the petition with prejudice. (ECF No. 17). Petitioner timely filed objections. (ECF No. 19).

      The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

      The court has thoroughly reviewed the Report and Petitioner's objections and finds no reason to deviate from the Report's recommended disposition. As noted above, the magistrate judge recommends dismissing this petition because Petitioner has filed three prior habeas petitions and he has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition.

      Reviewing Petitioner's objections, he fails to address any specific, dispositive portion of the

Report.  This court is without authority to entertain the instant petition. 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").[1]

Based on the foregoing, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein. Therefore, Petitioner's habeas petition is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 10, 2014

---

[1] Further, this court lacks the authority to grant leave to obtain authorization.  Only a circuit court is authorized to determine whether a successive petition should be heard.  *See* 28 U.S.C. § 2244(b)(3)(A).

2